# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|   |   |
|---|---|
| In re<br><br>    ROBERT PEREZ,<br>    a/k/a ROBERT PEREZ, JR.,<br><br>    Debtor | Chapter 13<br>Case No. 15-30108-HJB |

# **ORDER**

WHEREAS, before the Court for determination is a "Motion for Finding of Breaches of the Automatic Stay and Damages Therefore" (multi-sic) (the "Sanctions Motion") filed by Robert Perez, the debtor in this Chapter 13 case (the "Debtor"); and

WHEREAS, the Debtor seeks sanctions against Deutsche Bank National Trust Company ("Deutsche Bank" or the "Bank") for violating the automatic stay by continuing a foreclosure sale of his residence postpetition; and

WHEREAS, it is undisputed that there were two such continuances; one before the Bank likely had notice of the bankruptcy case filing and one thereafter; and

WHEREAS, the overwhelming majority of cases (including, without limitation, the First Circuit Court of Appeals, the Third, Sixth and Ninth Circuit Courts of Appeals, the Bankruptcy Appellate Panel for the First Circuit and two judges of this court)[1] have held

---

[1] See, inter alia, Worthy v. World Wide Fin. Servs., Inc., 192 Fed.Appx. 369 (6th Cir. 2006); Taylor v. Slick, 178 F.3d 698, 702 (3rd Cir. 1999); Lugo v. De Jesus Saez (In re de Jesus Saez), 721 F.2d 848, 853 (1st Cir. 1983); Roach v. Roach (In re Roach), 660 F.2d 1316, 1318-19 (9th Cir. 1981); Witkowski v. Knight (In re Witkowski), 523 B.R. 291, 298-99 (1st Cir. BAP 2014); Weaver

1

that, absent an attempt to harass a debtor, continuations of foreclosure sales do not violate the automatic stay under 11 U.S.C. § 362(a) (the "Automatic Stay"), particularly when the lender promptly files a motion for relief from the Automatic Stay;[2] and

WHEREAS, here, it is largely undisputed that:

a. Deutsche Bank is the holder of a mortgage on the Debtor's residence located in Springfield, Massachusetts (the "Residence"). The Debtor defaulted on his mortgage payments and, after failed attempts at loss mitigation, Deutsche Bank scheduled a foreclosure sale for Tuesday, February 10, 2015 at 10:00 AM.

b. On Sunday, February 8, 2015, the Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code").[3]

c. A significant snowstorm hit the western Massachusetts area on Monday, February 9, closing the law offices of counsel to Deutsche Bank until Tuesday, February 10, at noon. Debtor's counsel attempted to contact Deutsche Bank's attorney on February 9 to tell her that the Debtor had filed a bankruptcy case, but as those offices were closed, he was only able to leave a voicemail message at the general telephone number.

---

v. ABN-AMRO Mortgage Group, Inc. (In re Lynn-Weaver), 385 B.R. 7, 11-12 (Bankr. D. Mass. 2008); In re Heron Pond, LLC, 258 B.R. 529, 530 (Bankr. D. Mass. 2001); Hart v. GMAC Mortgage Corp. (In re Hart), 246 B.R. 709, 738-40 (Bankr. D. Mass. 2000).

[2] This Court specifically adopts the well-reasoned view of Judge Feeney in In re Hart that "it is conceivable that harassment rather than the preservation of the status quo would be motivating the creditor and warrant judicial intervention." 246 B.R. at 740.

[3] See 11 U.S.C. § 101 et seq. All references to statutory sections are to the Bankruptcy Code unless otherwise specified.

    d. Shortly before 10:00 AM on February 10, Gina Moy, an auctioneer with Tache Auction & Sales Inc., appeared at the Debtor's Residence on behalf of Deutsche Bank and publicly postponed the scheduled foreclosure sale in light of the inclement weather. According to affidavits provided by both Ms. Moy and the Debtor's former spouse (who was present at the Residence), Ms. Moy stepped onto the Debtor's property and publicly declared that the foreclosure sale was postponed to the following day, February 11, at 10:00 AM. After Ms. Moy returned to her vehicle, the Debtor's former spouse approached the car, told Ms. Moy that the Debtor had filed a bankruptcy case, and asked Ms. Moy to speak to the Debtor by telephone. Ms. Moy declined to do so, and left the premises at approximately 10:15 AM.

    e. That afternoon, the Debtor's attorney reached counsel for Deutsche Bank by telephone and informed her of the Debtor's bankruptcy case filing. The following day, February 11, Ms. Moy again appeared at the Residence and publicly declared the postponement of the foreclosure sale to April 15, 2015.

    f. The sale was later cancelled.

This Court FINDS AND RULES that:

1. the postponement of the auction on February 10, 2015 did not violate the Automatic Stay because the Debtor has failed to demonstrate that the Bank was aware of the filing of the instant bankruptcy case at the time it first postponed the auction;[4] and

---

[4] A party alleging a violation of the automatic stay must demonstrate, by a preponderance of the evidence, that: (1) a violation of the automatic stay has occurred; (2) the violation was willfully committed; and (3) the debtor suffered damage as a result of the violation. <u>Fleet Mortgage Group, Inc. v. Kaneb (In re Kaneb)</u>, 196 F.3d 265, 269 (1st Cir. 1999); <u>In re Steenstra</u>, 280 B.R. 560, 566 (Bankr. D. Mass. 2002). "Willfulness" does not require a specific intent to violate the automatic stay. Rather, an act is considered a willful violation if the creditor has knowledge of the stay and intended the actions which constituted the violation. <u>In re Kaneb</u>, 196 F.3d at 269.

2. the postponement of the auction on February 11, 2015 did not violate the Automatic Stay as the postponement merely preserved the status quo and the Debtor has failed to demonstrate any intention to harass the Debtor.

ACCORDINGLY, the Sanctions Motion is DENIED.

Dated:  December 23, 2015

_____
Henry J. Boroff
United States Bankruptcy Judge